Kevin J. Stoops (State Bar #332200)
SOMMERS SCHWARTZ, P.C.
1801 Century Park E. #860
Los Angeles, CA 90067
Telephone: (310) 579-0600
Email: kstoops@sommerspc.com

Attorneys for Plaintiff **OSCAR PERALES**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OSCAR PERALES**, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br>v.<br><br>**SOLINA US HOLDING, INC.**, a corporation, and **AK EMPLOYER SERVICES, LLC**, a limited liability company,<br><br>Defendants. | Case No:<br><br>Judge:<br>Mag. Judge:<br><br>**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, Oscar Perales ("Plaintiff"), hereby brings this Collective and Class Action Complaint against Solina US Holding, Inc. ("Defendant Solina") and AK Employer Services, LLC ("Defendant AK Employer Services") (Defendant Solina and Defendant AK Employer Services collectively referred to as "Defendants") and states as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., The Illinois Minimum Wage Law ("IMWL"), §§ 820 ILCS 105/1, *et seq*., and the Illinois Wage Payment and Collection Act ("IWPCA"), §§ ILCS 115/1, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

2. Defendant Solina is in the business of "design[ing] tailor-made ingredient solutions for clients in the food industry, foodservice, butchery and nutrition sectors[.]"[1]

3. According to Defendant Solina's website, Defendant employs more than 5,000 employees at 50 production sites and research and development laboratories, including, but not limited to, locations in the State of Illinois.[2]

4. Defendant AK Employer Services is a professional employer organization ("PEO") and human-resource service provider that handles payroll, benefits, compliance and other employer obligations on behalf of client companies.[3]

---

[1] *See* https://www.solina.com/who-we-are/about-solina/ (last visited Oct. 24, 2025).
[2] *Id.*; *see also* https://solina.wd3.myworkdayjobs.com/en-US/Sol_ext_car/job/Eastvale/Pre-Weigh-Lead_R-116?locationCountry=bc33aa3152ec42d4995f4791a106ed09 (last visited Oct. 24, 2025).
[3] *See* https://www.adamskeegan.com/about/ (last visited Oct. 24, 2025).

5. Upon information and belief, Defendant AK Employer Services, LLC worked in conjunction with Defendant Solina to administer payroll, maintain employment records, and carry out human-resources functions that directly affected the wages, hours, and/or working conditions of Plaintiff and similarly situated employees.

6. In providing the above-described ingredient solutions, Defendants employed hourly employees across the United States. Defendants used a number of job titles (including but not limited to, Q.A. Lab Technician; Production Clerk; Pre Weigh Lead; Sanitation Technician; Supplier Quality Manager to refer to their hourly employees (collectively referred to herein as "Hourly Employees").

7. Defendants classified their Hourly Employees as non-exempt.

8. As described herein, Defendants violated the FLSA and Illinois state wage-and-hour law by systematically miscalculating overtime compensation for hours Hourly Employees worked in excess of forty (40) in a given workweek and thereby underpaying them for overtime worked.

9. Plaintiff seeks a declaration that his rights, and the rights of the putative Collective and Class members, were violated, a judgment awarding them unpaid back wages, liquidated damages, attorneys' fees and costs to make them whole for damages they suffered, and any other remedies to which they may be entitled, and to help ensure Defendants will not subject future workers to the same illegal conduct in the future.

10. At the earliest time possible, Plaintiff will request that the Court authorize notice of this action pursuant to 29 U.S.C. § 216(b) to all similarly situated employees who worked for Defendants at any time in the past three years.

## <u>JURISDICTION AND VENUE</u>

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq.*

12. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

13. Defendants' annual sales exceed $500,000 and they have more than two employees, so the FLS'A applies in this case on an enterprise basis. Defendants' employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

14. Plaintiff's state-law claims originate from the same facts that form the basis of his federal claims. Thus, the Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

15. This Court has personal jurisdiction over Defendant Solina because it is headquartered and maintains its principal place of business in California, regularly conducts business within the State of California, and purposely avails itself of the benefits and protections of California law.

16. This Court has personal jurisdiction over Defendant AK Employer Services because it purposefully directed activities toward California, entered into, negotiated, and/or performed contracts with a California-headquartered co-defendant and California-based personnel, and derived substantial revenue from business conducted in California.

17. Exercising jurisdiction over both Defendants is reasonable and consistent with traditional notions of fair play and substantial justice given Defendants' deliberate California contacts, the State's strong interest in adjudicating disputes involving California-headquartered businesses and conduct directed from California, the availability of key witnesses and evidence in California, and the efficiencies of resolving related claims against jointly acting defendants in a single forum.

18. Venue lies in in this District pursuant to 28 U.S.C. § 1391, because a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in, were directed from, and/or were ratified in California, and at least one Defendant resides in this State for venue purposes.

19. Defendant Solina's principal place of business is located in Eastvale, California, making it subject to general personal jurisdiction in the Central District of California.

## PARTIES

20. Plaintiff is an adult resident of Romeoville, Illinois and worked for Defendants from approximately July 2017 through August 2025. Plaintiff's consent to join form is attached as **Exhibit A**.

21. Additional putative Collective members were or are employed by Defendants as Hourly Employees during the past three years and their consent forms will also be filed in this case.

22. Defendant Solina is a Delaware corporation (File No. 6299442) with its headquarters located in Eastvale, California. Defendant's registered agent for purposes of service is Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.

23. Defendant AK Employer Services, LLC is a Tennessee limited liability company (Control No. 000455313) with its principal place of business located at 6750 Poplar Avenue, Suite 400, Memphis, Tennessee 38138. Defendant's registered agent for purposes of service is Cogency Global Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

24. At all relevant times, Defendants were a common enterprise and "joint "employers" of Plaintiffs and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## GENERAL ALLEGATIONS

25. Prior to hiring, Defendants provided prospective Hourly Employees with a written offer setting forth the start date, job requirements, offered rate of pay,

and conditions of employment.

26. In or around July 2017, Plaintiff received such an offer from Defendants to work as an Hourly Employee.

27. In consideration for Plaintiff and other similarly situated Hourly Employees' work, Defendants promised to pay them their respective hourly wage and to pay overtime compensation at one and one-half (1.5) times their hourly rate for all hours worked over forty (40) in a workweek, as required by applicable law.

28. Plaintiff accepted Defendants' offer of employment with the understanding that his base hourly rate, most recently $23.50, would be paid for all hours worked up to forty (40) in a workweek, and that hours worked in excess of forty (40) in a workweek would be compensated at 1.5 times his hourly rate. Plaintiff's acceptance created a binding and valid contract between him and Defendants.

29. Defendants paid their Hourly Employees at varying rates of pay.

30. Defendants maintain documents demonstrating the promised hourly wage for each Hourly Employee, including, but not limited to: offer letters, paystubs, and/or other payroll records.

31. Plaintiff worked for Defendants as a non-exempt Hourly Employee from approximately July 2017 through August 2025.

32. Plaintiff performed and fulfilled his duties under his contract with Defendants by carrying out his job responsibilities.

33. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked more than forty (40) hours in a given workweek.

34. Pursuant to Section 7(a) of the FLSA, and regardless of their individual hourly rates, Plaintiff and Defendants' Hourly Employees are and have been entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

35. Throughout Plaintiff's employment with Defendants, Defendants

repeatedly and systematically breached their contract with Plaintiff by failing to properly calculate Plaintiff's overtime compensation. Instead of multiplying Plaintiff's regular rate by one and one-half (1.5), Defendants used an incorrect multiplier, resulting in payment of overtime wages at a rate below the legally required amount and *prima facie* violations of the FLSA.

36. Plaintiff and all similarly situated Hourly Employees regularly worked in excess of forty (40) hours in a week and were paid some overtime compensation, but such compensation was miscalculated and paid at a rate less than one and one-half (1.5) times their regular rate of pay as required by the FLSA and their employment agreements.

37. For example, Plaintiff's pay stub for the pay period ending June 27, 2025 shows 55.82 hours of work, a base hourly rate of $23.50, an overtime rate of $34.75, and gross earnings of $1,492.01. This calculation demonstrates that Plaintiff's overtime pay was not computed at the required overtime rate and therefore reflects Defendants' failure to comply with federal and contractual obligations.

38. Defendants' failure to pay Plaintiff and all Hourly Employees for all overtime compensation owed constitutes a material breach of contract by Defendants.

39. As a result of Defendants' breach, Plaintiff was deprived of overtime compensation.

40. Upon information and belief, Defendants' other Hourly Employees had similar valid contracts with Defendants that provided for the payment of an hourly rate and legally required overtime pay.

41. Upon information and belief, Defendants repeatedly and systematically breached their contracts with all other Hourly Employees they employed in the same way that they breached their contract with Plaintiff.

42. Defendants' contractual promises to pay Plaintiff and each Hourly Employee the properly' calculated overtime worked is evidenced by, among other

things, each earnings statement issued to Plaintiff and the Hourly Employees.

43. Plaintiff and the Hourly Employees are owed wages at 1.5 times their applicable hourly rates for all overtime worked in a workweek.

44. Plaintiff and the Hourly Employees earned these wages the moment they worked overtime, and the wages were due to be paid to Plaintiff and the Hourly Employees no later than the pay day for the period in which those overtime hours were worked.

45. Despite the fact that Plaintiff and similarly situated Hourly Employees worked more than forty (40) hours in a workweek and were owed overtime compensation at 1.5 times their regular rates of pay, Defendants deliberately chose not to pay Plaintiff and the Hourly Employees for this work at their correct overtime rate despite a contractual obligation to do so.

46. As a result of these *prima facie* FLSA violations, Defendants are liable to Plaintiff and all other Hourly Employees for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## JOINT EMPLOYMENT ALLEGATIONS

47. At all relevant times, Defendants were, at minimum, joint employers of Plaintiff and other Hourly Employees.

48. At all relevant times, Defendants managed the day-to-day supervision and direction of the Hourly Employees.

49. At all relevant times, Defendants' corporate policies and procedures guided and mandated Plaintiff and the Hourly Employees' jobs.

50. At all relevant times, Defendants maintained the Plaintiff and other Hourly Employees' employment records.

51. The unlawful conduct at issue in this case arises from Defendants' corporate policies for Hourly Employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on his behalf and on behalf of:

***All current and former hourly employees who work or have worked for Defendants in the United States at any time in the past three years***.

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

53. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, they were all classified as non-exempt hourly employees, were eligible for overtime compensation, and were subject to the same payroll practices through which Defendants failed to correctly compute overtime pay at 1.5 times their regular rate of pay as required by the FLSA.

54. Upon information and belief, Defendants utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner, regardless of location or state in which they worked.

55. Resolution of this action requires inquiry into common facts and legal issues applicable to all members of the proposed Collective.

56. These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516, *et seq*.

57. Court-authorized notice pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including text messaging and email and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

58. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendants who were underpaid for overtime work and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**RULE 23 ILLINOIS STATE LAW CLASS ACTION ALLEGATIONS**

59. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and on behalf of:

> ***All current and former Hourly Employees who worked for Defendants in Illinois at any time during the applicable statutory period.***

(hereinafter referred to as the "Rule 23 Illinois Class"). Plaintiff reserves the right to amend this definition if necessary.

60. The members of the Rule 23 Illinois Class are so numerous that joinder of all Rule 23 Illinois Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds, if not thousands, of Rule 23 Illinois Class members. Rule 23 Illinois Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

61. There is a well-defined community of interests among Rule 23 Illinois Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Illinois Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether Defendants failed to correctly calculate overtime compensation for members of the Rule 23 Illinois Class at one and one-half (1.5) times their regular rate of pay; and

b. Whether members of the Rule 23 Illinois Class are owed additional wages as a result of Defendants' miscalculation of overtime pay, and, if so, the proper measure and amount of those unpaid wages.

62. Plaintiff's claims are typical of those of the Rule 23 Illinois Class in that he and all other Rule 23 Illinois Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Illinois Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Illinois Class members.

63. Plaintiff will fully and adequately protect the interests of the Rule 23 Illinois Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Illinois Class.

64. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Illinois Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

65. This case will be manageable as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

66. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

67. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Illinois Class, and because declaratory relief is appropriate

in this case with respect to the Rule 23 Illinois Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY OVERTIME

68. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

69. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

70. At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

71. At all relevant times, Defendants jointly employed Plaintiff and all other members of the FLSA Collective within the meaning of the FLSA.

72. Plaintiff and the FLSA Collective, by virtue of their job duties and activities actually performed, were all non-exempt employees.

73. At all times relevant to this action, Defendants failed to correctly calculate and pay overtime compensation at one and one-half (1.5) times Plaintiff and the FLSA Collectives' regular rates of pay. Rather than multiplying each employee's hourly rate of pay by 1.5, Defendants used an incorrect multiplier, thereby underpaying overtime compensation in violation of Section 7(a) of the FLSA. 29 U.S.C § 207(a).

74. At all relevant times, Defendants had a policy and practice of willfully refusing to pay Plaintiff and all FLSA Collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

75. As a result of Defendants' willful failure to compensate Plaintiff and

the FLSA Collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff and the FLSA Collective are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendants' FLSA violations, Plaintiff and the FLSA Collective are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect multiplier. The exact amount can be readily determined using payroll and other employment records Defendants are statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

77. Plaintiff and the FLSA Collective are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

**COUNT II**
**RULE 23 ILLINOIS CLASS ACTION**
**VIOLATIONS OF ILLINOIS MINIMUM WAGE LAW ("IMWL"), §§ 820 ILCS 105/1, *et seq*. AND ILLINIOS WAGE PAYMENT AND COLLECTION ACT ("IWPCA"), §§ ILCS 115/1, *et seq*.**

78. Plaintiff re-alleges and incorporates all previous paragraphs herein.

79. At all times relevant to the action, Defendants were employers covered by the mandates of the IMWL and Plaintiff and the Rule 23 Illinois Class were employees entitled to the IMWL's protections. *See* §§ 820 ILCS 105/3(c)-(d).

80. The IMWL, §§ 820 ILCS 105/1, *et. seq*. requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay for hours worked in excess of 40 per week. *See* §§ 820 ILCS 105/4; 820 ILCS 105/4a.

81. 820 ILCS 105/12(a) provides that an employee who is not paid in

accordance with the Illinois Minimum Wage Law "may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." § 820 ILCS 105/12(a).

82. The IWPCA "applies to all employers and employees in [Illinois], … but excepting employees of the State or Federal governments." *See* §§ 820 ILCS 115/1. Plaintiffs and the Rule 23 Illinois Class were not employees of the State or Federal government, therefore, they are entitled to the protections of the IWPCA.

83. Under § 820 ILSC 115/4, "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

84. Under § 820 ILSC 115/5, "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

85. As discussed herein, Defendants had a binding and valid contract with Plaintiff and every other Rule 23 Illinois Class member to pay each employee the agreed-upon hourly rate for all hours worked and to pay overtime compensation calculated at one and one-half (1.5) times that hourly rate for all hours worked over forty (40) in a workweek in consideration of the work duties Plaintiff and the Rule 23 Illinois Class members performed on Defendants' behalf.

86. For example, Defendants offered to compensate Plaintiff at a minimum of $23.50 per hour plus any overtime pay required by applicable law, if he agreed to perform services for Defendants as an Hourly Employee. Plaintiffs accepted Defendants' offer and performed under his contract by fulfilling his duties as an Hourly Employee in reliance on the offer.

87. Evidence of these contracts include Defendants' letters offering employment, pay statements, and other documentary evidence in Defendants'

possession. Additionally, Defendants made verbal offers for payment at a specified, above minimum wage for Hourly Employee work, which Plaintiff and the Rule 23 Illinois Class accepted and performed but Defendants failed to perform by paying Plaintiff and the Rule 23 Illinois Class the promised overtime wages calculated at one and one-half (1.5) times their regular rates of pay for all work.

88. Upon information and belief, each Rule 23 Illinois Class member, including Plaintiff, was contractually entitled to varying minimum hourly rates of pay within the applicable period, in addition to properly computed overtime premiums.

89. Plaintiff and every other Rule 23 Illinois Class member accepted the terms of Defendants' contractual promises contained in Defendants' offer letters and performed under the contracts by doing their jobs and carrying out the work they performed each shift.

90. Defendants breached their contractual promises by failing to pay Plaintiff and the Rule 23 Illinois Class the full amount of overtime compensation owed under their contracts and Illinois law.

91. Plaintiffs and the Rule 23 Illinois Class also did not receive accurate wage statements that detailed each hour worked and their rate of pay because Defendants failed to include the correctly calculated overtime compensation discussed herein in the paystubs provided to Plaintiff and the Rule 23 Illinois Class.

92. Section 820 ILCS 115/9 prohibits "deductions by employers from wages or final compensation." Accordingly, by underpaying overtime wages through the use of an incorrect multiplier, Defendants effectively made unlawful deductions in violation of 115/9 of the IWPCA.

93. Additionally, § 820 ILCS 115/14(a) provides that an employee aggrieved by an employer's violation of the Illinois Wage Payment and Collection Act "shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages

of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

94. Defendants violated the IMWL and the IWPCA by regularly and repeatedly miscalculating overtime compensation and thereby underpaying Plaintiff and the Rule 23 Illinois Class for hours worked in excess of forty (40) in a given workweek, and by issuing pay statements to Plaintiff and the Rule 23 Illinois Class that failed to accurately reflect the correct overtime rate and amount owed.

95. As a result, Plaintiff and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Illinois Class are entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IMWL at an amount to be proven at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an Order compelling Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses and emails of all proposed FLSA Collective members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

b. An Order certifying this action as a class action (for the Rule 23 Illinois Class) pursuant to Rule 23(b)(3) with respect to Plaintiff's state law claims under the IMWL and IWPCA (Count II);

c. An Order designating Plaintiff as representative of the FLSA Collective and the Rule 23 Illinois Class and the undersigned as counsel for the same;

d. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

e. An Order declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. An Order declaring Defendants' violations of the FLSA were willful;

g. An Order declaring Defendants violated Illinois wage-and-hour law;

h. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

i. An award of pre-judgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

k. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: October 30, 2025

**SOMMERS SCHWARTZ, P.C.**

*/s/ Kevin J. Stoops*________________
Kevin J. Stoops

*Attorneys for Plaintiff*
*Oscar Perales*